IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

LOIS DRIVER, *et al*                                                                                    PLAINTIFFS

vs.                                            Case No. 4:13-cv-04074

D. MOSLEY TRUCKING, INC. *et al.*                                                     DEFENDANTS

## ORDER

**BEFORE** the Court is Defendant D. Mosley Trucking Inc. and Ramon R. Colon's Motion to Quash and Motion for Protective Order. ECF. No. 29. Plaintiff responded on February 6, 2014. ECF No. 33. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2005), United States District Judge Susan O. Hickey referred the Motion to Quash and Motion for Protective Order to the undersigned for decision.

With this Motion, Defendant D. Mosley Trucking Inc. and Ramon R. Colon seek to quash the deposition of non-party witness Wanda Denise McCauley which had been noticed for February 6, 2014.[1] On February 4, 2014 this Court stayed the deposition until such time that Plaintiffs had an opportunity to respond. ECF No. 32.

### A. Background

Plaintiffs seek to take the deposition of non-party witness Wanda Denise McCauley, ("McCauley"). According to Plaintiffs, McCauley is employed by Innovative Risk Management who is the third party administrator on behalf of Arch Insurance Company; the company providing insurance coverage to Defendant D. Mosley Trucking.

---

[1] Plaintiff has since served an Amended Notice of Deposition of Wanda Denise McCauley for March 12, 2014. ECF No. 33-5. This Order will also apply to this Amended Notice.

According to Samuel Palermo, counsel for Plaintiffs Lois and Robert Driver, McCauley informed him that there was more than one excess or umbrella coverages and she had notified the excess carrier of the claim. On August 28, 2012, counsel for Plaintiff Lois Driver sent an email to McCauley documenting the conversation. ECF No. 33-3. Plaintiffs also state, counsel for Plaintiffs Keith Dedman and Sean Kearny, Mr. Tom Tatum, spoke with McCauley and she informed Mr. Tatum that there was excess insurance coverage in this matter. Counsel for Defendants have indicated the ARCH Insurance Policy in the amount of $1,000,000.00 is the only insurance that covers Defendants for the allegations in Plaintiffs' Complaint.

**B. Discussion**

Defendants argue the notice is in violation of FRCP 26(b)(2)(C), specifically, that the notice is unreasonably burdensome, harassing and duplicative. Defendants further argue the deposition should not take place because the burden and expense of the deposition outweighs its likely benefit. ECF No. 29. Defendants do not assert a claim of privilege, "work-product" production, or that the information sought is protected as trial preparation material.

In support of their argument, Defendants state that because they produced an affidavit by Dale Mosley, President of D. Mosley Trucking, stating no excess or umbrella coverage exists, the deposition of McCauley would be duplicative. *Id.* In the alternative, Defendants argue that if the deposition of McCauley is allowed, it should be limited to existence of underlying insurance coverage and be conducted telephonically. *Id.*

It appears that there is a valid dispute with regards to the existence of insurance coverage. Plaintiffs have established this and support is found in the email forwarded to McCauley. ECF No. 33-3. Plaintiffs are certainly entitled to discover any insurance agreement that may provide coverage

for a possible judgement.  Furthermore, to simply produce an affidavit, as Defendants have done here, stating there is no need for the deposition does not render the taking of a deposition in these circumstances burdensome, harassing or duplicative.  Indeed, as Plaintiffs state in their Response to this Motion to Quash,  "it is nonsense to suggest that the deposition of Ms, McCauley would be duplicative of Mr. Mosley affidavit."

Based on these findings, this Court finds Defendant D. Mosley Trucking Inc. and Ramon R. Colon's Motion to Quash and Motion for Protective Order (ECF. No. 29) is **DENIED.**  Plaintiffs may proceed with scheduling the Deposition of Wanda Denise McCauley.

**IT IS SO ORDERED**

**DATED** this **20th day of February, 2014.**

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE