IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

LOIS DRIVER et al. PLAINTIFFS

v. Case No. 4:13-cv-04074

D. MOSLEY TRUCKING, INC. et al. DEFENDANTS

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pending now before the Court is Defendant New Millennium Building Systems, LLC's ("NMBS") Motion for Partial Summary Judgment. ECF No. 167. NMBS filed this Motion on January 26, 2015. *Id.* On February 10, 2015, Plaintiffs responded.[1] ECF No. 170. NMBS filed a reply on March 18, 2015. ECF No. 185. This Motion is now ripe for consideration.

Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2009), the Honorable Susan O. Hickey referred this Motion to this Court for the purpose of making a report and recommendation. In accordance with that referral, this Court recommends NMBS's Motion for Partial Summary Judgment (ECF No. 167) be **GRANTED.**

**1. Background:**

On August 5, 2013, Plaintiffs filed their Complaint in this matter. ECF No. 1. Subsequently, on June 30, 2014, Plaintiffs filed their First Amended Complaint; and on July 18, 2014, Plaintiffs filed their Second Amended Complaint. ECF Nos. 94, 119. In their Second Amended Complaint,

[1] Separate Defendants D. Mosley Trucking, Inc. and Ramon Colon also responded to NMBS's Motion. ECF No. 183. In this response, Separate Defendants request a bifurcated trial if this Motion *is not granted*. *Id.* Because the Court recommends this Motion be granted, there is no need to address the response by these Separate Defendants. Further, for purposes of this Motion, there is no need to address any of the other issues these Separate Defendants raised in their briefing.

Plaintiffs allege they were injured as the result of an accident with an 18 wheeler tractor trailer. ECF No. 119 ¶ 14. This tractor trailer was driven by Defendant Ramon Colon. *Id.* Plaintiffs also allege that "[p]rior to the incident made the basis of this lawsuit, Defendant Ramon Colon had stopped at the Hope, Arkansas location of Defendant New Millennium Building Systems whereupon his trailer was loaded with steel construction beams [joists] by employees or agents of New Millennium Building Systems." *Id.* Plaintiffs allege NMBS is liable for this accident due to its negligence in loading these joists. ECF No. 119 ¶¶ 16-19. In their Complaint, Plaintiffs specifically request punitive damages. *Id.* ¶ 17. On August 4, 2014, NMBS filed its answer to Plaintiffs' Second Amended Complaint. ECF No. 125. In this answer, NMBS denies Plaintiffs' claim to punitive damages. *Id.* ¶ 17.

Currently before the Court is NMBS's Motion for Partial Summary Judgment. ECF No. 167. With this Motion, NMBS requests summary judgment only on the issue of punitive damages. *Id.* NMBS claims Plaintiffs have not provided sufficient evidence to survive summary judgment on this issue. *Id.* Plaintiffs have responded to this Motion. ECF No. 170. In their response, Plaintiffs claim there is a triable fact issue as to whether they are entitled to punitive damages. *Id.* On March 18, 2015, after being granted leave, NMBS replied to Plaintiffs' response. ECF No. 185. The Court has considered all of the submitted briefing and will now consider NMBS's Motion.

**2. Applicable Law:**

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, a federal court is authorized to grant summary judgment in a case when the record, viewed in the light most favorable to the nonmoving party, reveals that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *See* FED. R. CIV. P. 56. A genuine issue of material

fact exists only if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986).

The moving party bears the initial burden of showing that no genuine issue of material fact exists. *Celotex Corp. v. Catrett,* 477 U.S. 317, 325 (1986). The burden then shifts to the nonmoving party to show through specific evidence that a triable issue of fact remains on an issue where the nonmovant bears the burden of proof at trial. *Id.* at 324. A mere scintilla of evidence in support of the nonmovant's position is insufficient. *Anderson,* 477 U.S. at 252.

To survive a motion for summary judgment, "a nonmovant must present more than a scintilla of evidence and must advance specific facts to create a genuine issue of material fact for trial." *Parks v. City of Horseshoe Bend, Arkansas,* 480 F.3d 837, 839 (8th Cir. 2007) (citation omitted). As stated in this rule, "[w]hen a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must–by affidavits or as otherwise provided in this rule–set out specific facts showing a genuine issue for trial." *Id.*

**3. Discussion:**

After reviewing the briefing in this matter, and as outlined below, the Court finds Plaintiffs have not submitted sufficient summary judgment evidence to support their claim to punitive damages. Thus, the Court finds NMBS is entitled to summary judgment on the issue of punitive damages.

As an initial matter, to recover punitive damages in Arkansas[2], Plaintiffs must present

[2]This case is before the Court based on diversity jurisdiction and Plaintiffs make claims pursuant to state law. Accordingly, Arkansas law is applicable.

evidence "that either or both of the following aggravating factors were present and related to the injury for which compensatory damages were awarded:

> (1) The defendant knew or ought to have known, in light of the surrounding circumstances, that his or her conduct would naturally and probably result in injury or damage and that he or she continued the conduct with malice or in reckless disregard of the consequences, from which malice may be inferred; or
>
> (2) The defendant intentionally pursued a course of conduct for the purpose of causing injury or damage.

Ark. Code Ann. § 16-55-206 (2003).

Thus, for there to be a triable fact issue as to punitive damages, Plaintiffs must supply evidence of at least one of these two "aggravating factors." As the Arkansas Supreme Court has held, "punitive damages may be awarded [only] when a tortfeasor has acted with malice, intent to cause injury, or with conscious indifference such that malice could be inferred." *Yeakley v. Doss,* 370 Ark. 122, 128, 257 S.W.3d 895, 899 (2007).

Arkansas courts have consistently held this heightened standard is required for punitive damages to be awarded. *See, e.g., D'Arbonne Const. Co., Inc. v. Foster,* 354 Ark. 304, 308, 123 S.W.3d 894, 898 (2003) (affirming an award of punitive damages in Arkansas where the defendant was speeding at the time of the accident, was driving too close to the plaintiff, had "received five citations for speeding or defective equipment within five years prior to the accident," was driving a truck with 500,000 miles on it, and had "knowingly altered the brakes"). *But see In re Aircraft Accident at Little Rock, Ark. on June 1, 1999 v. Am. Airlines, Inc.,* 351 F.3d 874, 880 (8th Cir. 2003) (affirming the denial of punitive damages in Arkansas and refusing to infer malice where the flight crew made the decision to land in bad weather and did not "deploy the spoilers" during the landing which "violated American Airlines's procedures" and FAA regulations).

In their response, to demonstrate they are entitled to punitive damages, Plaintiffs have provided evidence of the following: (1) NMBS employees had loaded "over 45,000 pounds of steel construction joists stacked four rows high on his [Defendant Ramon Colon's] trailer," and these stacks were leaning; (2) the "leaning load caused concern" among other drivers Daniel Colon and John Dario Hernandez; (3) those drivers "addressed their concerns about the leaning load with NMBS personnel. . . . [and] . . . [t]he NMBS personnel responded that they had already tried to re-position the load and that the leaning load was as good as it was going to get"; and (4) the NMBS personnel failed to follow its Standard Operating Procedures ("SOP") in positioning the load with dunnage, which keeps the rows of steel joists straight. ECF Nos. 170-171. The Court will address these issues. For ease of reference, the Court will consider (1) to (3) together under "Leaning Load" and (4) separately under "Standard Operating Procedures."

**A. Leaning Load**

Viewing the facts in a light most favorable to Plaintiffs, Plaintiffs have provided evidence demonstrating the load of joists was leaning to some degree when driver Defendant Ramon Colon left the NMBS facility in Hope, Arkansas. *See, e.g.,* ECF No. 170-6, P. 37:9-13 (witness Dario John Hernandez testifying regarding the leaning load). Further, viewing the facts in a light most favorable to Plaintiffs, the Court finds the employees of NMBS at the Hope facility were aware of the fact the load in question was leaning and attempted to remedy the problem but were unable to do so. *See, e.g.,* ECF No. 170-6, 121:3-14.

In making this argument, however, Plaintiffs have not demonstrated these facts establish NMBS acted with "malice, intent to cause injury, or with conscious indifference such that malice could be inferred." *See Yeakley,* 370 Ark. at 128, 257 S.W.3d at 899. Viewing the facts in a light

most favorable to Plaintiffs, the failure of NMBS to correct this leaning load may have caused Plaintiffs' injury, but there has been no demonstration that their failure was prompted by malice or with conscious indifference to others such that malice can be inferred. At most, this evidence shows negligence on the part of NMBS. Accordingly, viewing these facts in a light most favorable to Plaintiffs, Plaintiffs have not supplied sufficient evidence demonstrating NMBS's conduct meets the requirements of Arkansas Code Annotated § 16-55-206.

**B. Standard Operating Procedures ("SOP")**

Further, viewing the facts in a light most favorable to Plaintiffs, NMBS has a Standard Operating Procedure or "SOP" which requires "dunnage" be placed "between joist layers" to stablize the load. ECF No. 168-5 at 23. Further, viewing the facts in a light most favorable to Plaintiffs, at the time of the accident in question, this policy was not written, but it was followed by NMBS as an oral policy. ECF No. 170-8 at 101:15-102:16. In considering the facts in a light most favorable to Plaintiffs, at the time of the accident in question, the employees of NMBS did not include the proper dunnage in the load Defendant Ramon Colon was hauling. This violated MNBS's oral policy. *See* ECF No. 170-8, 105:1-106:23.

Again, however, in making this argument, Plaintiffs do not demonstrate these facts establish NMBS acted with "malice, intent to cause injury, or with conscious indifference such that malice could be inferred." *See Yeakley,* 370 Ark. at 128, 257 S.W.3d at 899. Indeed, Plaintiffs even argue that NMBS generally attempted to comply with these dunnage requirements; and "on many occasions" Ron Jones, NMBS's manager at the Hope, Arkansas facility instructed the NMBS loaders to include dunnage between each row of joists. ECF No. 170-6, 97:17-23. The fact this particular incident was an anomaly tends to demonstrate NMBS *did not* act with malice in this particular instance, and there is no pattern of bad behavior.

Likewise, the single fact NMBS failed to comply with its own oral policy does not demonstrate malice or conscious indifference. *See In re Aircraft Accident at Little Rock, Ark. on June 1, 1999,* 351 F.3d at 880 (finding no malice even though the aircraft crew did not follow the safety guidelines of American Airlines and FAA regulations). Viewing these facts in a light most favorable to Plaintiffs, Plaintiffs have not supplied sufficient evidence demonstrating NMBS's conduct meets the requirements of Arkansas Code Annotated § 16-55-206.

**4. Conclusion:**

Based upon the foregoing, the Court recommends NMBS's Motion for Partial Summary Judgment (ECF No. 167) be **GRANTED.**

**The Parties have seven (7) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The Parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court. *See Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).**

**ENTERED this 8th day of April 2015.**

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE