IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

LOIS DRIVER, et al                                                                                        PLAINTIFFS

VS.                                        CASE NO. 4:13-cv-4074

D. MOSLEY TRUCKING, INC.,
et al                                                                                                           DEFENDANTS

## ORDER

Before the Court is the Report and Recommendation filed April 8, 2015 by the Honorable Barry A. Bryant, United States Magistrate Judge for the Western District of Arkansas. (ECF No. 186). Judge Bryant recommends that Defendant New Millennium Building Systems, LLC's ("NMBS") Motion for Partial Summary Judgment (ECF No. 167) be granted. Plaintiffs have filed objections to the Report and Recommendation. (ECF Nos. 187-188).

This case revolves around an 18 wheeler tractor trailer accident. The tractor trailer was driven by Defendant Ramon Colon, an employee of Defendant D. Mosley Trucking, and the tractor trailer was loaded with steel construction beams (joists) by employees of Defendant NMBS. Plaintiffs allege that NMBS is liable for this accident due to its negligence in loading the joists. Plaintiffs have requested punitive damages, and NMBS has filed the present Motion for Partial Summary Judgment arguing that Plaintiffs have not provided sufficient evidence to sustain their punitive damages claim.

In his Report and Recommendation, Judge Bryant correctly noted that "punitive damages may be awarded [only] when a tortfeasor has acted with malice, intent to cause injury, or with conscious indifference such that malice could be inferred." *Yeakley v. Doss*, 370 Ark. 122, 128, 257 S.W.3d 895, 899 (Ark. 2007). Applying this standard, Judge Bryant concluded that, while NMBS's

actions "may" have caused Plaintiffs' injuries, Plaintiffs have failed to demonstrate that NMBS acted with malice or conscious indifference to others such that malice can be inferred. Specifically, Judge Bryant considered Plaintiffs' arguments that (1) NMBS knew that the load in question was precariously leaning before letting it leave the facility and (2) that NMBS did not follow its standard operating procedure in regards to placing dunnage between the joist layers for stabilization. Viewing the evidence in the light most favorable to Plaintiffs, Judge Bryant concluded that these allegations may show negligence on the part of NMBS, but not malice or conscious indifference.

In their objections to the Report and Recommendation, Plaintiffs repeat the arguments contained in their summary judgment briefing. Judge Bryant thoroughly addressed these issues, and the Court finds no need to repeat that analysis here. Upon *de novo* review of the Report and Recommendation, the Court finds no error in Judge Bryant's analysis. Accordingly, the Court overrules Plaintiffs' objections and adopts Judge Bryant's Report and Recommendation (ECF No. 186). For the reasons stated herein and above, as well as those contained in the Report and Recommendation, Defendant NMBS's Motion for Partial Summary Judgment (ECF No. 167) should be and hereby is **GRANTED**.

In light of the Court's ruling on the punitive damages claim, the Court finds that NMBS's Motion to Quash Plaintiffs' Third Amended Notice of Intent to Take Rule 30(b)(6) Deposition (ECF No. 160) should be and hereby is **GRANTED**.[1]

IT IS SO ORDERED, this 23rd day of April, 2015.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge

---

[1] NMBS's motion asks the Court to quash Plaintiff Lois and Robert Driver's deposition notice for an NMBS representative with knowledge of NMBS's net worth. Information on a defendant's net worth is necessary to sustain a claim for punitive damages. Because the Court has granted summary judgment on Plaintiffs' punitive damages claim against NMBS, NMBS's net worth is no longer relevant.